**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES MICHAEL WENSELL,**

        **Petitioner,**

**v.**                                        **Civil Action No. 3:06cv4
                                                (Judge Keeley)**

**THOMAS MCBRIDE, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On January 1, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner paid the required filing fee on June 1, 2006. On June 26, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Thus, the Respondent was directed to show cause why the petition should not be granted. On July 26, 2006, the Respondent filed a Motion for Summary Judgment and a separate Motion to Dismiss. On August 1, 2006, the Respondent filed an Answer. On August 2, 2006, notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Petitioner advising him of his right to file a response to the Respondent's dispositive motions. Petitioner filed a response on August 31, 2006. This case is before the undersigned for a report and recommendation on the Respondent's dispositive motions.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

According to the parties, the January 1996 term of the Monongalia County Grand Jury returned a thirteen count indictment against Petitioner charging him with eight counts of first degree sexual assault, three counts first degree sexual abuse, and two counts first degree sexual abuse by

a custodian.[1] Petitioner proceeded to a trial by jury which began on July 16, 1996 and ended on July 19, 1996, at which time Petitioner was found guilty on all charges. On October 30, 1996, the sentencing court granted a post conviction motion filed by Petitioner and set aside the verdict on Count Twelve. Thereafter, Petitioner received a total sentence of no less than 21 years and no greater than 55 years.

## B.  Direct Appeal

On March 31, 1997, Petitioner filed a petition for appeal with the West Virginia Supreme Court of Appeals [hereinafter referred to as WVSCA]. On appeal, Petitioner asserted the following assignments of error:

1.  The court erred in submitting the expert testimony to the jury since none of it was stated in terms of the appropriate standard for expert opinions and the impact thereof left no alternative but for the jury to give full credence to such testimony absent the appropriate standard.

2.  The Court erred in refusing to set aside the conviction against the Defendant and grant a new trial on the basis of ineffective assistance of counsel in contravention of the Sixth Amendment to the Constitution of the United States.

On June 4, 1997, Petitioner's appeal was refused without prejudice to his right to seek relief in the Circuit Court.

## C.  Petitioner's State Habeas Corpus

On October 18, 2001, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit

---

[1] Petitioner was accused of committing sexual crimes against his two step daughters, T.E. and A.E., when they ranged in age from five to eight and four to seven, respectively. The alleged sexual abuse occurred over a three year period from 1992 through 1995.

Court of Monongalia County.[2]  Petitioner asserted the following grounds for relief in his original petition:

    1) Ineffective assistance of counsel;

    2) Erroneous admission of Rule 404(b) "prior bad acts" evidence;

    3) Denial of right to confront witnesses during the trial;

    4) Biased trial court judge;

    5) Insufficient evidence to support the verdict;

    6) Petitioner did not receive certain material records from the State that he should have received as part of pre-trial discovery; and

    7) Biased jurors.

    Subsequently, Petitioner, through counsel, submitted a document titled Petition for Habeas Corpus.  In this petition, counsel raised the following arguments in support of Petitioner's State habeas petition:

    A)  Ineffective Assistance of trial counsel;

> 1) failure to obtain a psychiatric or psychological examination of the victims,
> 2) failure to interview the victims prior to trial,
> 3) failure to procure the assistance of experts,
> 4) failure to object to admission of hearsay, irrelevant, opinion, argumentative, and evidence not provided to the defense by the prosecution prior to trial,
> 5) failure to adequately cross-examine the victims,
> 6) failure to move to strike the testimony of the child victims as incompetent, relevant and consistent,
> 7) failure to object to admission of prior bad acts,

---

[2] This information was apparently overlooked by the Respondent as it was not mentioned in either of the Respondent's dispositive motion filings nor did the Respondent provide the Court with a copy of Petitioner's *pro se* state habeas petition.  The undersigned discovered this information upon a review of Petitioner's State habeas proceedings.  Although the missing information does not have an impact on the ultimate decision in this case, the Court would remind the Respondent of the importance of having a complete and accurate record.

8) failure to object to state's experts rendering of opinions that were not based upon a reasonable degree of medical probability or certainty

9) failure to object to opinions given by State's experts in areas they were not qualified to give opinions in because the opinions went beyond the scope of the witnesses expertise,

10) failure to properly investigate the Defendant's case and provide a defense thereto,

11) failure to hire a private investigator or psychologist to assist in the defense,

12) failure to properly *voir dire* the jury and strike potential jurors who had family members as victims of similar offenses,

13) failure to properly *voir dire* and cross-examine the prosecution's experts,

14) failure to follow up on the Motion for Bill of Particulars,

15) failure to object to the procedure used by the trial court to admit evidence under W.Va.R.Evid. 404(b).

B) Improper admission of prior bad acts evidence under W.Va.R.Evid. 404(b).

C) Cumulative error.

After receiving a response from the State, on April 8, 2002, the Circuit Court entered an Order summarily denying some of Petitioner's claims and setting an omnibus evidentiary hearing for July 23, 2002, on the remaining claims. On July 23, 2002, the Circuit Court held the scheduled hearing. However, because the hearing could not be completed in one day, a continuation hearing was held on August 23, 2002. By order dated July 15, 2004, Petitioner's state habeas petition was denied.

Petitioner appealed the denial of his state habeas petition. On appeal, Petitioner argued that the Circuit Court erred in refusing to grant his habeas petition based upon his claims of ineffective assistance of trial counsel and his contention that the trial judge erred in admitting inflammatory evidence of other wrongs allegedly done by Petitioner. Petitioners' petition for appeal was granted by the WVSCA. However, by written opinion dated November 29, 2005, the WVSCA affirmed the Circuit Court's denial of Petitioner's state habeas petition. See State ex. rel. Wensell v. Trent, 218 W.Va. 529, 625 S.E.2d 291 (2005) (*per curiam*).

**D.  Petitioner's Federal Habeas Petition**

In the instant case, the *pro se* petitioner raises the following grounds for relief:

1) Ineffective Assistance of Counsel for

    a) failing to properly investigate the case

    b) failing to retain an investigator

    c) failing to retain an expert to help cross-examine state experts,

    d) failing to meet with his client to prepare his client for trial,

    e) failing to object to numerous instances of hearsay and improper statements by the

    prosecutor;

2) Trial judge erred in admitting evidence of other wrongs allegedly committed by Petitioner;

**E.  The Respondent's Answer**

In his answer, the Respondent generally denies that any violation of Petitioner's rights occurred.[3]  Moreover, in the event that the Court determines that this matter is not ripe for summary adjudication, the Respondent reserves the right to present further evidence and argument in opposition to Petitioner's claims.

**F.  The Respondent's Motion to Dismiss and Motion for Summary Judgment**

With regard to the motion to dismiss, the Respondent argues that federal relief is only available for claims of a constitutional dimension.  Therefore, alleged violations of state law are not cognizable on federal habeas review.  In this case, the Respondent argues that Petitioner's claim that the trial court erred in admitting "prior bad acts" is a question of state law and is not cognizable in these proceedings.  Accordingly, the Respondent asserts that ground two of the instant petition

---

[3] The Respondent also acknowledges that it appears as if Petitioner has exhausted his state remedies with regard to the issues raised in the petition and that the petition appears to be timely.

should be dismissed.

With regard to the motion for summary judgment, the Respondent asserts that under the standards set forth in 28 U.S.C. § 2254, Petitioner has failed to establish that he is entitled to any relief and that summary judgment is therefore appropriate. Specifically, the Respondent argues that Petitioner has not shown that any deficient performance by counsel resulted in constitutionally cognizable prejudice.

## II.  Standards of Review

### A.  Motion to Dismiss

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957). When a motion filed pursuant to Rule 12(b)(6) contains matters outside the pleadings, the motion will be construed as one for summary judgment and will be disposed of as provided under Rule 56. See Fed.R.Civ.P. 12(b).

### B.  Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-588 (1986).

## C. <u>Federal Habeas Review Under 28 U.S.C. § 2254</u>

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts."

<u>Williams</u>, 529 U.S. at 413.  A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> "An unreasonable application of federal law is different from an incorrect application of federal law."  <u>Id.</u> at 410.

When a Petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2).  In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" <u>Tucker v. Ozmint</u>, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict."  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993); <u>Richmond v. Polk</u>, 375 F.3d 309 (4th Cir. 2004).  "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, <u>supra</u>.

Here, Petitioner's claims were properly presented to the courts of the State.  Because Petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

**III.  Analysis**

**A.  Ineffective Assistance of Counsel**

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." <u>Id.</u> at 689-90. Second, if the Court finds that counsel's performance was unreasonable, Petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A reasonable probability is a one that is "sufficient to undermine confidence in the outcome." <u>Id.</u>

### 1. Failure to Properly Investigate/to Retain an Investigator/to Retain Expert Witness

It would appear from the findings of the State Court, that the State Court considered each of these claims in conjunction with the other during Petitioner's state habeas proceedings. Dckt. 16, Ex 7 at 14-20 (hereinafter "Ex. 7"). Moreover, in the Order denying Petitioner's State habeas petition, the Circuit Court found that Petitioner's trial counsel was deficient in these areas. <u>Id.</u> However, the trial court determined that even though counsel was deficient, Petitioner could not show that he suffered any prejudice and these grounds were denied. <u>Id.</u>

In arriving at this conclusion, the Circuit Court found that it had granted Petitioner's counsel the funds necessary to retain an investigator and psychological expert, but that counsel failed to retain either. Ex. 7 at 14-15. At the omnibus hearing, Petitioner's expert, Kevin Mills, testified that in his opinion, the failure of Petitioner's trial counsel to retain an investigator and a psychological expert fell below professional standards.[4] <u>Id.</u> at 15. Next, the Court examined the omnibus hearing

---

[4] More specifically, Mr. Mills testified that an investigator would have been necessary to obtain facts on which to build a defense and a psychological expert would have been necessary to counsel's

testimony of Petitioner's trial counsel, Howard Higgins. At the hearing, Mr. Higgins could not provide the Court with any reasons for his failure to retain a psychological expert. Id. Moreover, with regard to the hiring of an investigator, Mr. Higgins testified that he had done a preliminary investigation of possible motives for the Petitioner's ex-wife to encourage the victims to make up these allegations, as well as leads as to other possible perpetrators and persons who could be witnesses on Petitioner's behalf. Id. However, Mr. Higgins preliminary investigation did not provide any useful information. Id. at 15-16. Instead, Mr. Higgins asserted that those persons with whom he had contact, could merely provide hearsay information which would be of no benefit to Petitioner at trial. Id. at 16. Therefore, Mr. Higgins found that engaging an investigator would not be fruitful. Id.

After reviewing the testimony presented at the omnibus hearing, the Circuit Court found that trial counsel's performance with regard to the investigation of Petitioner's case and the retention of an investigator and psychological expert, fell below reasonable standards. Ex. 7 at 16. In support of this finding, the Circuit Court noted that in light of Petitioner's defense that the victim's were making up the allegations at the behest of his ex-wife, both an investigator and a psychological expert could have assisted counsel in following up on the leads Petitioner supplied to him. Id. For example, the Circuit Court noted that it would have been beneficial to the defense for an investigator to use the information Petitioner had provided counsel to track down those persons with first hand knowledge of the possible motives for the victims accusations and other information that may have been exculpatory. Id. Moreover, in light of the weakness of Petitioner's case in general, an investigator would have been prudent in trying to gather some evidence to support or bolster

understanding of the psychological issues at play in the case so that a proper cross examination of the States's psychological experts could be prepared.

Petitioner's theory.  Id.

In addition, with regard to the psychological expert, the Court noted that by hiring a psychological expert, counsel could have prepared a more effective cross-examination of the victims, as well as, a more effective cross-examination of the States experts.  Ex. 7 at 16.  However, because counsel did not obtain a psychological expert, it will never be known if such an expert could have assisted in Petitioner's case.  Id. at 17.  In particular, the Court noted that counsel's failure was even more unreasonable in light of the fact that he had requested and been granted the funds to hire such experts.  Id.  After finding counsel's performance deficient with respect to these grounds, the State Court then turned to an examination of whether such deficiency was prejudicial to Petitioner.

With respect to the failure to properly investigate or to hire an investigator, the Circuit Court found that although there were some factual leads that Petitioner's defense counsel should have followed up on, or retained an investigator to pursue, Petitioner has not shown that such investigation would have uncovered any new or exculpatory evidence.  Ex. 7 at 17.  At best, the Court can merely speculate, what, if any, information further investigation might have uncovered. Id.  However, such speculation is insufficient to fulfill the second prong of Strickland.  Id. at 18 (citing Aldrich v. Wainwright, 777 F.2d 630 (11th Cir. 1985)).  Consequently, the Circuit Court was not persuaded that but for Mr. Higgins failure to hire an investigator, the outcome of the trial would have been different.  Id.

With respect to the hiring of a psychological expert, the Court recognized that Petitioner retained a psychological expert to testify at his omnibus hearing.  Ex. 7 at 18-19.  Moreover, the Court recognized that at the omnibus hearing, Petitioner's expert, Dr. Clayman, testified that he believed Attorney Higgins fell short in cross-examining the State's expert witnesses.  Id. at 19.  And,

although the Court also recognized that the areas identified as deficient by Dr. Clayman were valid, the Court still denied Petitioner's claim because he failed to show that such deficiency resulted in prejudice.  Id.  In support of its position, the Circuit Court noted that even Dr. Clayman did not criticize the actual opinions of the State's experts.  Id.  In fact, Dr. Clayman specifically stated that he could not criticize such opinions, or the manner and procedure in which those opinions were derived.  Id.  The Court then noted that it would have been more persuaded to find prejudice had Dr. Clayman actually found fault with the methods or ultimate conclusions of the State's experts brought out at trial.  Id.  Since Dr. Clayman could not discredit those opinions, the state court found that Petitioner could not establish prejudice.  Id. at 20.

Upon an independent review of the record, including an examination of the transcripts from Petitioner's trial and the omnibus evidentiary hearing held in the Circuit Court, the undersigned finds that the state court's adjudication of Petitioner's claim is not contrary to clearly established federal law.  In fact, the undersigned notes that the Circuit Court specifically cited Strickland as the appropriate standard for reviewing claims of ineffective assistance of counsel.  Ex. 7 at 8. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of Petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  As found by the State court, although counsel's performance fell below reasonable professional standards,[5] Petitioner has failed to make the appropriate showing of prejudice as is necessary to establish the right to relief under Strickland.

---

[5] Because neither party has challenged the finding of the State court that counsel's performance was deficient, the Court has assumed, without deciding, that such a finding is appropriate.

2.  Failure to Meet Client to Prepare for Trial/Failure to Object

In support of his claim that counsel failed to prepare him for trial, Petitioner asserts that his trial counsel only met with him twice prior to trial.  In support of his claim that counsel failed to object to numerous instances of hearsay and improper statements by the prosecutor, Petitioner asserts that counsel failed to object to hearsay elicited from the alleged victims' doctors, caseworkers and psychologists.  In addition, Petitioner claims that counsel failed to object to statements by the victims' mother regarding statements from the children.  Petitioner also asserts that counsel failed to adequately cross-examine or attack the credibility and inconsistencies of the alleged victims themselves.  Petitioner further complains that counsel failed to move to strike the victims' testimony as incompetent and inconsistent.  Finally, Petitioner argues that there were numerous other instances of irrelevant information being admitted without objection.  In response to these claims, the Respondent argues that because the state court found that Petitioner had only discussed these allegations in a cursory manner, the state court found Petitioner to have waived them.

Upon review by the WVSCA, the Court found

> At the end of the appellant's argument with regard to his ineffective assistance of counsel claim, he provides a laundry list of other alleged instances of ineffective assistance of counsel which amount to nothing more than general and bare allegations without any analysis, explanation, or legal citation . . . Although the appellant makes these claims, he does not provide to this Court any examples of how the circuit court acted in an erroneous manner or in a manner that was not consistent with the laws of West Virginia.  Rather, the appellant's assertion lack reasonable specificity and particularity and are completely unsupported.  In the absence of such supporting arguments or authority, we deem these assignments of error to have been waived.[6]

---

[6] The arguments deemed waived were Petitioner's ineffective assistance of counsel claims with regard to failure to object to hearsay evidence, failure to adequately cross-examine and attack the

State ex. rel. Wensell v. Trent, 218 W.Va. at 534-535. In addition, the Court noted that this finding

was in line with its rule that issues not presented for review, or which are only raised in passing and

not supported, are not considered on appeal. Id. at 535. The Court also noted such was rule was

routinely adhered to by the Court. Id.

In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the United States Supreme Court held

that where a "state prisoner has defaulted his federal claims in state court pursuant to an independent

and adequate state procedural rule, federal habeas review of the claims is barred unless the Petitioner

can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice." "A state rule is adequate if it is

firmly established and regularly and consistently applied by the state court and if it does not depend

on a federal constitutional ruling." Brown v. Lee, 319 F.3d 162, 169 (4th Cir. 2003).

As noted by the WVSCA, it is well-established in West Virginia that assignments of error

argued in passing or in a cursory manner are deemed waived on appeal. See State ex. rel. Wensell,

218 W.Va. at 535 (citing State v. LaRock, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996); see also

WV Dept. of Health and Human Resources Employees Federal Credit Union v. Tennant, 215 W.Va.

387, 599 S.E.2d 810 (2004) ("An appellant must carry the burden of showing error in the Judgment

of which he complains); State v. Department of Health v. Robert Morris N., 195 W.Va. 759, 765,

466 S.E.2d 827, 833 (1995) ("[a] skeletal argument, really nothing more than an assertion, does not

---

credibility and inconsistencies of the alleged victims, failure to object to numerous instances of irrelevant evidence pertaining to prior bad acts and counseling, failure to object to prosecutions experts rendering opinions that were not based upon a reasonable degree of medical probability or certainty, failure to properly investigate, failure to properly *voir dire* the jury, failure to properly *voir dire* and cross-examine the prosecution's experts, failure to follow-up on the motion for a bill of particulars, and failure to object to the procedure that the court followed for allowing 404(b) evidence. State ex. rel. Wensell v. Trent, 218 W.Va. at 534-535.

preserve a claim . . . Judges are not like pigs, hunting for truffles buried in the briefs") (internal

citations and quotations omitted). Therefore, other than Petitioner's grounds regarding counsel's

failure to properly investigate by retaining a private investigator of psychological expert, Petitioner

has procedurally defaulted any other grounds raised in support of his claims of ineffective assistance

of counsel. The only question that then remains is whether or not Petitioner can show cause and

prejudice for his default or that a fundamental miscarriage of justice will occur if the grounds are

not reviewed on federal habeas.

Claims that are procedurally defaulted cannot be considered on federal habeas review absent

a showing of cause and prejudice or actual innocence. Murray v. Carrier, 477 U.S. 478, 495-496

(1986). "Objective factors that may constitute cause include: (1) interference by officials that

makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or

legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4)

constitutionally ineffective assistance of counsel." Wright v. Angelone, 151 F.3d 151, 160 n. 5 (4th

Cir. 1998)(citations and quotations omitted). To establish prejudice, Petitioner must demonstrate

"not merely that the errors at his trial created a possibility of prejudice, but that they worked to his

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

McCarver v. Lee, 221 F.3d 583, 592 (4th Cir. 2000), cert. denied, 531 U.S. 1089 (2001). To

establish actual innocence, Petitioner "must show that it is more likely than not that no reasonable

juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995).[7]

In this case, Petitioner has failed to make the necessary showing of cause and prejudice.

_____

[7] See also Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (when reviewing a sufficiency of the evidence claim, a federal habeas court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

However, the Court may also consider a habeas petition on a procedurally defaulted claim to correct a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495-95. However, the fundamental miscarriage of justice exception is only available in extraordinary cases[8] such as "where a constitutional violation has resulted in the conviction of someone who is actually innocent." Id. To meet this standard, Petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. at 327. Moreover, to be credible, Petitioner's actual innocence claim "must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998).

After a thorough review of transcripts in this case, the undersigned is not convinced that a fundamental miscarriage of justice will occur if Petitioner's ineffective assistance of counsel claims are not heard on the merits. First, Petitioner does not assert that the outcome of his trial would have been any different if counsel had met with him more often to prepare for trial or if counsel had made the objections Petitioner references. The fact of the matter is, this case was based on two key areas. The first area was the findings of the medical doctor who examined the two girls and found either definitive evidence of sexual abuse or evidence consistent with sexual abuse. The second area was the testimony of the two young victims whose testimony was both credible and compelling. Even though Petitioner testified that he did not commit the charged crimes, the jury obviously found the victims' testimony to be more credible than Petitioners.[9] Petitioner has failed to show that any other evidence would have been produced at trial if counsel had prepared him more or if counsel would have made the proposed objections. The undersigned simply does not believe that such actions are

_____

[8] See McClesky v. Zant, 499 U.S. 467 (1991).

[9] See Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001) ("federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence").

sufficient to undermine confidence in the verdict.

However, even assuming that Petitioner's claims are not procedurally defaulted and should be considered on federal habeas, Petitioner's claims fail here for the same reasons they failed in state court. Although *pro se* petitions are to be liberally construed as set forth in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. <u>McFarland v. Scott</u>, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." <u>Blackledge v. Allison</u>, 431 U.S. at 75, n.7 (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125, 1136 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. <u>Id.</u>

As noted by the WVSCA, in between arguing his main points of contention, Petitioner merely throws in a "laundry list" of other possible instances of ineffective assistance of counsel. However, Petitioner fails to provide any factual or legal conclusions to support those claims. Thus, Petitioner has failed to state a claim as to his allegations that counsel was insufficient for failing to prepare him for trial or in failing to object to certain hearsay or other improper statements.

**B.  <u>Admission of Prior Bad Acts</u>**

In this ground, Petitioner argues that the trial judge erred in admitting evidence of other wrongs not related to the underlying charges, but that were allegedly committed by the Petitioner. Specifically, Petitioner asserts that the trial judge should not have permitted evidence of his 1994 domestic violence charge or evidence of the way in which he disciplined the children.

In support of this claim, Petitioner asserts that "as a rule, evidence of crimes, wrongs, or bad acts allegedly committed by the accused, not embodied in indicted charges is inadmissible."

However, Petitioner acknowledges that Rule 404(b) of the West Virginia Rules of Evidence permits such evidence "when it is offered for a purpose other than showing the Defendant's character, criminal disposition or propensity to commit the crime." Nonetheless, Petitioner argues that due to the possible potential for prejudice to the Defendant associated with the introduction of such evidence, the WVSCA has established stringent procedures that must be fulfilled prior to admitting this type of evidence. In addition, Petitioner asserts that once the procedural hurdles have been overcome, the jury must be given a limiting instruction at the time the evidence is offered, and at the time the case is submitted to the jury, making it clear that such evidence can only be considered for the specific purpose identified by the court. Here, Petitioner asserts that the trial court failed to follow the proper procedures for admitting Rule 404(b) evidence relating to his domestic violence charge and his methods of disciplining the children.

A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treatises of the United States. <u>See</u> 28 U.S.C. § 2254(a). In other words, federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). Therefore, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (*per curiam*).

Violations of state law do not state claims cognizable by federal courts. <u>Estelle v. McGuire</u>, <u>supra</u>. Thus, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Wainwright v. Goode</u>, <u>supra</u>. "[W]hen a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal

habeas review." <u>Weeks v. Angelone</u>, 176 F.3d 249, 262 (4th Cir. 1999).

As to this ground, Petitioner asserts that under West Virginia law, the state court improperly admitted evidence of his prior bad acts. Moreover, Petitioner fails to allege that the admission of the Rule 404(b) evidence violated any specific constitutional right or that it rendered his trial so fundamentally unfair as to violate due process. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 67-68; <u>see also</u> <u>Burket v. Angelone</u>, 208 F.3d 172, 186 (2000) (federal habeas courts do not review the admissibility of evidence under state law unless rulings were so extreme as to result in denial of constitutionally fair proceeding); <u>Howard v. Moore</u>, 131 F.3d 399 415 n. 18 (4th Cir. 1997) (state evidentiary rulings are not cognizable on federal habeas review unless shown to violate fundamental fairness); <u>Spencer v. Murray</u>, 5 F.3d 758, 762 (4th Cir. 1993) (it is well settled in this Circuit that claims about the admissibility of evidence under state law rarely state a claim upon which habeas relief can be granted). Accordingly, Petitioner's claim with respect to the admissibility of prior bad acts is not cognizable on federal habeas review.

## C. <u>Petitioner's Request for an Evidentiary Hearing</u>

In his traverse to the Respondent's dispositive motions, Petitioner requests that the Court grant him an evidentiary hearing to more fully develop his claims on federal habeas review. However, in order to receive an evidentiary hearing in federal court, Petitioner must (1) allege facts that, if true, would entitle him to relief, (2) overcome 28 U.S.C. § 2254(e)(2)'s limitations on the availability of an evidentiary hearing, and (3) satisfy one of the six factors set forth in <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963).[10] <u>Walker v. True</u>, 401 F. 3d at 584. Here, it is clear that Petitioner

---

[10] The six factors are: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed

is not entitled to an evidentiary hearing.  Petitioner received a full and fair hearing during his state court proceedings and the pertinent facts of the case were fully developed in the record before that Court.  Therefore, because this Court can adequately assess Petitioner's claims without further factual development, his request for an evidentiary hearing should be denied.

## IV.  Recommendation

For the reasons set forth in this Opinion, the undersigned finds that the facts of this case were fully developed in state court and it is recommended that Petitioner's request for an evidentiary hearing be DENIED.  It is further recommended that because the Respondent's Motion to Dismiss (dckt. 14) is supported by information contained outside the pleadings, the motion be construed as a motion for summary judgment and GRANTED.[11]  It is also recommended that the Respondent's Motion for Summary Judgment (dckt 13) be GRANTED.  In light of these findings, the undersigned recommends that the Petitioner's § 2254 petition be DENIED and DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this opinion/recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

---

at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. Townsend, 372 U.S. at 313.

[11] Because it is recommended that the Motion to Dismiss be construed as a Motion for Summary Judgment and granted under Rule 56, the undersigned has not addressed Petitioner's claim that a motion to dismiss is not proper in habeas corpus proceedings.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* Petitioner and counsel of record, as applicable.

DATED: February 15, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE